IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **WILLIAM PUNCHES,** | § | **CIVIL ACTION NO.: 3:21-cv-100** |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | **JURY DEMANDED** |
| **HCA MANAGEMENT SERVICES,** | § | |
| **L.P. dba SURGICAL CENTERS OF** | § | |
| **EL PASO** | § | |
| | § | |
| Defendant. | | |

___

**PLAINTIFF WILLIAM PUNCHES' ORIGINAL COMPLAINT**
___

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Plaintiff William Punches (hereinafter referred to as "Plaintiff") in the above-referenced matter, complaining of and about Defendant HCA Management Services, L.P. dba Surgical Centers of El Paso (hereinafter referred to as "Surgical Centers of El Paso" or "Defendant"), and files this Original Complaint, showing the following to the Court:

### I.   PARTIES

1. Plaintiff William Punches is an individual residing in El Paso County, Texas. Plaintiff was employed by Defendant, who conducts business in El Paso County, Texas. Plaintiff is a citizen of the State of Texas and of the United States.

2. Defendant Surgical Centers of El Paso is a Limited Partnership incorporated in the State of Deleware. Surgical Centers of El Paso regularly conducts business in El Paso, Texas. Surgical Centers of El Paso may be served by serving its registered agent, CT CORPORATION SYSTEM at 1999 BRYAN ST., STE. 900 DALLAS, TX 75201.

## II. JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under the following federal statutes: (a) Title VII of the Civil Rights Act of 1964 (as amended) (which is codified in 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a)) (hereinafter referred to as "Title VII"); (b) the Religious Discrimination, Title VII of the Civil Rights Act of 1964 (Title VII).

4. Additionally, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's similar state claims that arise under the Texas Commission on Human Rights Act (which is codified in Chapter 21 of the Texas Labor Code, including Texas Labor Code § 21.001 et seq.) (hereinafter referred to as the "TCHRA") because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

5. Venue is proper in the Western District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(a), because this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On January 15, 2021, Plaintiff filed a Charge of Discrimination (Charge No. 453-2020-01103) with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and the Texas Workforce Commission against Defendant for religious discrimination and retaliation.

7. Subsequently, the Texas Workforce Commission issued Plaintiff a Notice of Right Sue, dated March 10, 2021.

## IV. FACTS

8. Plaintiff is a forty-nine (49) year old male and a member of the Church of Jesus Christ of Latter Day Saints. Plaintiff was hired by Surgical Centers of El Paso on or about December 2, 2019.

9. On January of 2020, Donna Flake, who was the Chief Business Office Director, came forward to Plaintiff to inform him that Laurie Lucero-Gonzalez did not want to hire Plaintiff and that Ms. Lucero-Gonzalez had said Plaintiff would "not last six months." During this time, Ms. Lucero-Gonzalez would overstep her duties and job description as the Director of Business Development. She was not a direct report to the Plaintiff, but rather reported to Matthew Sara, VP of Business Development in Dallas, Texas.

10. On February 2020, Plaintiff made a complaint regarding Laurie Lucero-Gonzales, because she was involving herself in issues that were not part of her job, was overstepping her job description and/or authority, and was inappropriately requesting to be included in clinical issues. Lee Hamilton and Hamel Patel became involved to investigate the issue. After an investigation, Ms. Lucero-Gonzalez was disciplined by her superiors Matthew Sara V.P. and Justin Button A.V.P. as she had spent her working time attempting to derail Plaintiff's employment rather than performing her assigned duties.

11. In March 2020, Plaintiff was informed by Donna Flake that Ms. Lucero-Gonzales had asked other female staff, including Sonia Butzke, to record personal conversations they had with Plaintiff on their mobile phones to get Plaintiff to say something that was offensive. Plaintiff would later learn that the reason Ms. Lucero-Gonzales, Ms. Butzke, and their compatriots wanted him gone was because he is a member of the Church of Jesus Christ of Latter Day Saints.

12. Plaintiff informed Defendant on several occasions that Ms. Lucero-Gonzales was out to get him fired, she was recording conversations with him, had others trying to record

conversations with him, and she was looking for any opportunity she could to get him fired.

13. On March 24, 2020, all elective cases were postponed by the state and federal governments over the COVID 19 Pandemic. Staff were sent home and provided pandemic pay. Ms. Lucero-Gonzales began working from home.

14. On May 7, 2020, Plaintiff attended a nurse's week cookout. Plaintiff brought his personal grill and all the food to feed 50 staff. A male staff Member asked about the hot dogs as they were extra-large. Plaintiff then stated that earlier that day his wife had made a joke to him about nurses liking big wieners. This comment was made in jest to a male with which Plaintiff had a friendly relationship and with whom Plaintiff knew would not be offended by the comment. However, some how this comment was overheard and relayed to Ms. Lucero-Gonzales who made a sexual harassment complaint.

15. Donna Flake informed Plaintiff that on June 4th, 2020, an email was sent by Sonia Butzke that said that the Plaintiff had 5 wives. This was due to the fact Plaintiff is a member of the Church of Jesus Christ of Latter-Day Saints, commonly referred to as Mormons.

16. On June 24, 2020, the HR representative from El Paso arrived at Plaintiff's office at 9:30 A.M. A phone conference with Hamel Patel VP CWT and Christina from Corporate HR were included. Plaintiff was suspended and was subsequently terminated on July 1, 2020 for a policy violation regarding his comment from May 7, 2020. Mr. Patel stated that only 5 people had been interviewed, including Dr. Compean. Plaintiff was not given an opportunity to rebut the accusations.

## V.    CLAIMS

**COUNT 1 - DISCRIMINATION, TITVLE VII OF THE CIVIL RIGHTS ACT OF 1964**

17. Plaintiff hereby incorporates by reference all allegations contained in the preceding

paragraphs as though fully set forth herein.

18. Defendant intentionally engaged in unlawful employment practices against Plaintiff because of his religion (The Church of Jesus Christ of Latter-Day Saints), including discrimination and retaliation.

19. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or, limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect his status because of Plaintiff's religion (i.e., The Church of Jesus Christ of Latter Day Saints), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).  As a result of Defendant's discrimination, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## COUNT 2 - TITLE VII RETALIATION

20. Plaintiff hereby incorporates by reference all allegations contained in the preceding paragraphs as though fully set forth herein.

21. Defendant intentionally retaliated against Plaintiff because of the complaints of religious discrimination that Plaintiff made to Defendant, which was in violation of Title VII.  As a result of Defendant's retaliation, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## COUNT 3 - TCHRA DISCRIMINATION CLAIM

22. Plaintiff hereby incorporates by reference all allegations contained in the preceding paragraphs as though fully set forth herein.

23. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Texas Commission on Human Rights Act ("TCHRA"), TEX. LABOR CODE. §§21.001

et. seq. Specifically, (a) Plaintiff has filed a charge of discrimination and was issued his Notice of Rights to File Civil Action on March 10, 2021. Therefore, this action is being commenced within the required time limits.

24. Defendant is an "employer" as defined by the TCHRA.

25. Defendants willfully and intentionally engaged in unlawful employment practices against Plaintiff based on Plaintiff's religion.

26. Plaintiff was subjected to adverse employment actions, namely, discriminated against in connection with the compensation, terms, conditions, and privileges of employment, as well as limited, segregated, or classified in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect his status on the account of Plaintiff's religion (i.e. The Church of Jesus Christ of Latter Day Saints), in violation of the Texas Commission on Human Rights Act (which is codified in Chapter 21 of the Texas Labor Code, including Texas Labor Code § 21.001 et seq.).

27. Defendant's employees who did not practice the religion of The Church of Jesus Christ of Latter Day Saints were treated more favorably, compared to Plaintiff. Plaintiff was the only person terminated for these reasons and was the only employee in the position practicing the religion of The Church of Jesus Christ of Latter Day Saints.

28. Plaintiff was targeted because he was the only employee that practiced the religion of The Church of Jesus Christ of latter Day Saints and the treatment he faced was because of his religion.

29. In illegally discriminating and retaliating against Plaintiff, Defendant acted with malice and/or reckless indifference to the statutory-protected rights of Plaintiff. As a result of Defendant's violations of the TCHRA, Plaintiff has suffered actual damages in the form of lost

wages and benefits (past and future), mental trauma, and other losses.

30. As a result of these willful violations of the TCHRA, Plaintiff requests that he is awarded all compensatory and punitive damages, to which he may be entitled, as outlined in the TCHRA, equitable and/or injunctive relief, and attorney fees and costs.

### COUNT 4 - TCHRA RETALIATION

31. Plaintiff hereby incorporates by reference all allegations contained in the preceding paragraphs as though fully set forth herein.

32. Defendant intentionally retaliated against Plaintiff because of the complaints of religion (i.e., the Church of Jesus Christ of Latter-Day Saints), which was in violation of the Texas Labor Code § 21.055. As a result of Defendant's retaliation, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

### VI. JURY DEMAND

33. Plaintiff demands a jury on all issues to be tried in this matter. As such, Plaintiff submits a jury demand and herein submits the jury fee.

### VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear, and answer herein, and that on final trial, Plaintiff has a judgment against Defendant for the following:

    a. All damages that Plaintiff may be entitled to pursuant to this Original Complaint, or any amendments thereto, including (but not limited to) back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

    b. Compensatory damages, including (but not limited to) emotional distress;

    c.    Past, present, and future physical pain and mental suffering;

    d.    Punitive damages;

    e.    Liquidated damages;

    f.    Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

    g.    Pre-judgment interest (at the highest rate permitted by law);

    h.    Post-judgment interest from the judgment until paid (at the highest rate permitted by law);

    i.    Costs of Court; and

    j.    Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully Submitted,



/s/ Alfonso Kennard
Alfonso Kennard Jr.
Texas Bar No.: 24036888
Southern District No.: 713316
alfonso.kennard@kennardlaw.com
5120 Woodway Dr., Suite 10010
Houston Texas 77056
Tel.: (713) 742 -0900
Fax: (713) 742 -0951
**ATTORNEY FOR PLAINTIFF**